FILED by \_\_JA\_\_ D.C.

Jan 25, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-60029-CR-DIMITROULEAS/SNOW

18 U.S.C. § 371
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

ANDRE CLARK,

      Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP

loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant, Related Entities and Individuals

5. Top Choice, LLC ("Top Choice") was a Florida corporation with its listed principal address at 4839 SW Volunteer Road, Suite 226, in Davie, Florida.

6. Defendant **ANDRE CLARK**, a resident of Broward County, Florida, was the president and registered agent of Top Choice.

7.      Bank 1 was a financial institution based in Salt Lake City, Utah, that was insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

8.      Bank Processor 1 was a third-party company processor, based in Redwood City, California, that processed PPP loan applications for Bank 1.

9.      Individual 1 was a resident of Broward County, Florida.

**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 371)**

10.     From in or around May 2020, through in or around at least June 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANDRE CLARK,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Individual 1 and with others known and unknown to the United States Attorney, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

11.     It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide

3

relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's and co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

12. **ANDRE CLARK**, Individual 1, and other co-conspirators submitted and caused the submission of fraudulent PPP loan applications for Top Choice and other entities, via interstate wire communications.

13. The PPP loan applications submitted by **ANDRE CLARK**, Individual 1 and other co-conspirators for Top Choice and other entities, included falsified bank statements and payroll tax forms, among other things, and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll.

14. **ANDRE CLARK**, Individual 1, and other co-conspirators recruited co-conspirators to submit additional fraudulent PPP loan applications, often in exchange for kickbacks from the proceeds received through the fraudulently obtained PPP loans.

15. As a result of the false and fraudulent PPP loan applications submitted as part of this scheme, Bank 1 and other participating banks disbursed millions of dollars' in PPP loan proceeds, which were transferred to **ANDRE CLARK**, Individual 1, and other co-conspirators via interstate wire transmissions.

## **OVERT ACTS**

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1.  On or about May 19, 2020, **ANDRE CLARK** visited a bank in Broward County, Florida, and opened business checking and savings accounts in the name of Top Choice.

2.  On or about May 19, 2020, Individual 1 sent **ANDRE CLARK** a text message that stated: "Hi Andre this is [Individual 1] lock in my number I am working on your file I need social security number and date of birth."

3.  On or about May 19, 2020, **ANDRE CLARK** sent Individual 1 a text message that included his date of birth and social security number.

4.  On or about May 19, 2020, Individual 1 texted **ANDRE CLARK**: "Check your email and activate your account Just open email and click the link."

5.  On or about May 20, 2020, Individual 1 electronically submitted a PPP loan application package on behalf of Top Choice to Bank 1 through Bank Processor 1. The application form, which was electronically signed with the name "Andre Clark," requested a loan for Top Choice in the amount of $488,545 based on the claim that the company had 25 employees and an average monthly payroll of $195,426.

6.  On or about May 20, 2020, **ANDRE CLARK** forwarded Individual 1 an email he had received from Bank Processor 1 with the subject, "You have an offer for the Paycheck Protection Program." The email stated: "Andre, the SBA has finished reviewing your application and you've been approved for your Paycheck Protection Program loan. Accept your offer to access more information, including the next steps."

7. On or about May 27, 2020, **ANDRE CLARK** sent a text message to Individual 1 with information regarding the referral of an individual into the scheme. This text message included, among other things: (1) the individual's name, address, date of birth, social security number, and e-mail address; (2) the individual's business name, business address, EIN, and business start date; and (3) bank account and routing numbers.

8. On or about May 28, 2020, regarding the referral referenced in paragraph 7, above, Individual 1 texted **ANDRE CLARK** that he needed "a february statement from her credit union make sure if she cant download and send in pdf she takes a good picture of it so i can modify it."

9. On or about May 30, 2020, **ANDRE CLARK** texted Individual 1: "How many I gave you so far that is working besides the first two ones already completed […] I want at least 10 more people within the next few days."

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **ANDRE CLARK**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____  
ARIANA FAJARDO ORSHAN  
UNITED STATES ATTORNEY

_____  
DANIEL S. KAHN  
ACTING CHIEF, FRAUD SECTION

_____  
DAVID S. TURKEN  
ASSISTANT UNITED STATES ATTORNEY

_____  
PHILIP B. TROUT  
TRIAL ATTORNEY, FRAUD SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ANDRE CLARK,

                Defendant.  /

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ___ Miami
- ✓ FTL
- ___ Key West
- ___ WPB
- ___ FTP

New defendant(s)         Yes ___  No ___
Number of new defendants ___
Total number of counts ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)   No
   List language and/or dialect   _____

4. This case will take  0  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days       ✓
   - II   6 to 10 days      ___
   - III  11 to 20 days     ___
   - IV   21 to 60 days     ___
   - V    61 days and over  ___

   (Check only one)
   - Petty    ___
   - Minor    ___
   - Misdem.  ___
   - Felony   ✓

6. Has this case previously been filed in this District Court?  (Yes or No)  No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  Yes
   If yes: Magistrate Case No.  20-mj-6318-PMH
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?       Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes ___   No ✓

_____
DAVID S. TURKEN
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 28573

*Penalty Sheet(s) attached

REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  ANDRE CLARK

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 371

**\*Max. Penalty:**    Five (5) Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| ANDRE CLARK, | ) | |
| | ) | |
| *Defendant* | ) | |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*